## Shaw *v.* Philadelphia, Appellant.

*Negligence—Contributory negligence—Streets—Municipalities.*

In an action against a city to recover damages for personal injuries, it is proper to submit the case to the jury where the evidence for plaintiff tends to show that plaintiff was thrown from a wagon in which he was riding, by reason of the wheels of the wagon sinking into a deep rut in the street, and that the rut had been allowed to continue in the street for over a year.

That plaintiff knew of the condition of the street before he undertook to ride over it is not such contributory negligence as will prevent his recovery, where no other street was open for him to take.

Argued Jan. 5, 1894. Appeal, No. 440, Jan. T., 1893, by defendant, from judgment of C. P. No. 4, Philadelphia Co., June T., 1892, No. 367, on verdict for plaintiff, William Shaw. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.

Trespass for personal injuries. Before ARNOLD, J.

At the trial it appeared that plaintiff was riding on a wagon (driven by another) along 52d street in Philadelphia, holding on boxes to be delivered at the railroad, when the wagon wheel went into a rut, the wheel veered over, and threw plaintiff off, injuring him. Evidence for plaintiff tended to show that the street at the point where the accident occurred had been in bad condition for over a year; also that plaintiff knew its condition, but no other street was open for him to take.

Defendant's points were as follows:

" 1. The jury should find for defendant." Refused. [1]

" 2. If the jury find that the plaintiff had just as full means of knowing the condition of the street as the city's highway inspector could have, and yet chose to take the risk unnecessarily of riding in the wagon, they must find for the defendant." Refused. [2]

" 3. If the jury find that another street was open to the driver of the vehicle in question, by Media street and Peach street, which he could have taken, they must find for the defendant." Refused. [3]

Verdict and judgment for plaintiff for $2,000.

*Errors assigned* were (1–3) refusal of defendant's points as above, quoting them.

*E. Spencer Miller*, assistant city solicitor, *Chas. F. Warwick*, city solicitor, with him, for appellant, cited: Ry. v. Taylor, 104 Pa. 306; Crescent Twp. v. Anderson, 114 Pa. 643; Burns v. Bradford, 27 W. N. 201; Forker v. Sandy Lake Boro., 130 Pa. 123.

*Albert E. Peterson*, for appellee, cited: Altoona v. Lotz, 114 Pa. 238; Erie v. Schwingle, 22 Pa. 384; Merriman v. Phillipsburg Boro., 158 Pa. 78; O'Toole v. R. R., 158 Pa. 99.

PER CURIAM, January 22, 1894:

This suit was brought to recover damages alleged to have been caused by the negligence of the city in permitting Fifty-second street, at the point in question, to remain in a dangerous and unsafe condition for public travel. The testimony is such as to leave no doubt as to the alleged negligence of the defendant. If believed by the jury, as it doubtless was, they could not do otherwise than find that those who were charged with the duty of keeping the street in proper repair were grossly negligent. The case was clearly for the jury.

The only errors assigned are, the refusals of the learned trial judge to affirm defendant's points. The first of these asked binding instructions to find for defendant. To have affirmed that would have been plain error. The other two points were rightly refused. There is nothing in the record that would justify a reversal of the judgment.

Judgment affirmed.