# Backer *v.* Borough of Aspinwall, Appellant.

*Negligence—Municipalities — Defective street — Depression in street—Conflict in testimony.*

1. In an action to recover damages for the death of plaintiff's husband, caused by his being jolted from a wagon upon which he was riding on a public street in defendant municipality, where it appeared that the accident resulted from the sliding or dropping of the wheel into a rut or depression in the brick pavement, and plaintiff's evidence tended to show that the hole was six or eight feet long, three or four feet wide and five to ten inches deep and had existed for about a year, the case was for the jury, and a verdict and judgment for plaintiff were sustained, although there was some evidence that the driver of the wagon was intoxicated; that his condition contributed to the accident, and that deceased participated in his carelessness.

*Damages—Death—Measure of damages—Earnings—Evidence.*

2. Where the evidence showed that deceased was fifty-two years of age, in good health, and by occupation a farmer and teamster; that in winter he assisted in preparing horse-radish for the market; that he had two teams, one of which he drove himself, and where the evidence further showed what the wages of a teamster were, the amount of deceased's personal expenses for clothing, etc., his habits, and what he did with his earnings, the proof was sufficient to enable a jury to form an intelligent estimate of the financial loss which his family sustained by his death.

Argued Oct. 16, 1916.    Appeal, No. 34, Oct. T., 1916, by defendant from judgment of C. P. Allegheny Co., Oct. T., 1913, No. 2458, on verdict for plaintiff, in case of Mathilda Backer v. Borough of Aspinwall.    Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.    Affirmed.

Trespass to recover damages for the death of plaintiff's husband.    Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for the plaintiff for $2,250.    Defendant appealed.

*Errors assigned,* among others, were (1) the refusal of binding instructions for the defendant; (2) the refusal of the defendant's point as to the measure of damages.

*William A. Challener,* with him *John M. Morrison* and *Clarence Burleigh,* for appellant.

*Meredith R. Marshall,* with him *Rody P. Marshall,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 8, 1917:

On March 17, 1913, plaintiff's husband, Rudolph Backer, was killed by falling from a dump wagon on Freeport avenue in the defendant borough.    He was seated with his son, who was driving the team, and as plaintiff avers was thrown from the wagon by the front wheel thereof sliding or dropping into a rut or depression in the brick pavement.    This depression was in the traveled way and resulted from wearing of the brick and also from sinking of the pavement.    There was much conflict in the evidence as to its size, character and effect upon the safety of the highway.    Plaintiff's evidence tended to show that it was a large hole, some six or eight feet long, three or four feet wide and from five to ten inches deep;

while that for defendant indicated that it was much smaller and less than three inches in depth. Both agreed that its sides sloped like a basin and that it did not go clear through the brick. Plaintiff's evidence also tended to show that it had existed for about a year and was of such a character as to give a severe jolt to a passing vehicle, if the wheel chanced to drop therein; while that for the defendant was to the effect that it was scarcely noticeable. There was a street car track in one side of the street, and plaintiff's evidence tended to show that from that to this hole, a distance of some six or eight feet, there was a sharp decline in the pavement so much so that the wheel of a wagon was liable to, and on this occasion did, slide down into the hole. On the contrary defendant's evidence was that the street was so nearly level there that there was only a fall of about six inches from the car track to the curb, a distance of some nineteen feet. However, the place of accident was near the end of a switch where the distance to the curb was slightly less.

On plaintiff's version of the facts, the question of defendant's negligence was for the jury. For if true it showed that a substantial defect had existed in the cartway of this street so long that its existence should have been known to the borough authorities: Shaw v. Philadelphia, 159 Pa. 487.

Under defendant's evidence, which we might be strongly inclined to credit, there would be nothing to submit to the jury; for it requires something more than a slight depression or unevenness in the surface of a roadway to render the municipality liable: Clifton v. Philadelphia, 217 Pa. 102.

But the credibility of the witnesses was for the jury.

The deceased was apparently a chance passenger and while liable for his own negligence was not liable for that of the driver, except in so far as he concurred therein.

The questions as to whether the driver was intoxicated, and if so whether that contributed to the accident, and

also whether the deceased participated in the carelessness if any of the driver, were questions of fact.

The evening shadows were falling, and there was some evidence that the driver turned from the street car track because of an approaching car, and it did not appear that the deceased was familiar with this street. So there was nothing that as matter of law convicted him of contributory negligence, and whether he was guilty thereof as matter of fact was for the jury. Defendant's request for binding instructions was properly refused.

As there was no exception taken to the general charge it is not necessary to refer to that portion thereof assigned as error. However, there is nothing in the charge to justify criticism.

Plaintiff's evidence tended to show that the deceased was fifty-two years of age, in good health, that his occupation was that of a farmer and teamster, that he also in winter weather assisted in the preparation of horseradish for the market, that he had two teams, one of which he drove himself, that the wages of a teamster were from $2 to $2.25 per day, and that he had worked at teaming about three months during the preceding winter.

There was also evidence as to the amount of his personal expenses for clothing, spending money, etc., and also as to his habits and what he did with his earnings. In our opinion sufficient was shown to enable the jury to form an intelligent estimate of the financial loss which his family sustained by his death. The evidence at least afforded some basis on which his earning capacity could fairly be fixed: McHugh v. Schlosser, 159 Pa. 480, 486; McKenna v. Citizens' Natural Gas Co., 198 Pa. 31, 40; Simpson v. Penna. R. R. Co., 210 Pa. 101, 104.

The question of the financial loss sustained by his death could not properly have been withdrawn from the jury.

The assignments of error are overruled and the judgment is affirmed.