Holm *v.* The City of New Castle, Appellant.

Argued April 16, 1929.

Before Trexler, Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

Robert White, for appellant.

Clyde Gibson, for appellee.

Opinion by Trexler, J., July 2, 1929:

The plaintiff was proceeding in his automobile at a rate of twenty to twenty-five miles an hour up Wilmington Avenue, New Castle, on March 13, 1927, between one and two o'clock in the afternoon. The cartway is forty feet wide. There was a car ahead of him about fifteen or twenty feet distant. He was on the right side of the street. He turned to the left to pass the car and in doing so, the left front wheel of his car dropped into a ditch or rut about ten or twelve inches deep in the middle of the street and the car continued on for some distance and turned over and was badly wrecked. The hole was at the end of a trench extending from the west curb to the middle of the street. The ditch had been filled in with earth,

but the frequent passing of cars had worn out this deep rut at the place where the plaintiff crossed the ditch. This condition had existed for four weeks prior to the accident.

(1) It would seem that the city had constructive, if not actual notice, of the defect in the street. That it was dangerous, the jury could readily conclude. A hole ten to twelve inches deep is not such a usual result of the use of the street as requires us to rule that it requires something more than a slight depression or uneveness of the surface of the roadway to render the municipality liable, Clifton v. Philadelphia, 217 Pa. 102. The facts in the present case do not call for the application of that rule. Backer v. Aspinwall Boro., 255 Pa. 541. Its depth and its existance for four weeks is a sufficient answer to appellant's question whether there was any evidence to charge the city with notice.

(2) Was the hole in the street the proximate cause of the injury? The appellant argues that as plaintiff after he went into the hole travelled a distance of 222½ feet, there must have been an intervening agency which caused the automobile to upset. There is some confusion as to the space the car traversed. The trial judge in his opinion on the motion for a new trial states that defendant claims it was 200 feet. It might have been considerable less according to some of the testimony in the case. Whatever it was, we do not think the facts as presented were so inconsistent with common human experience as to prevent the jury from finding that the hole in the ditch caused the accident. There was no detailed account of the damage done to the plaintiff's automobile. The photographs of the damaged car offered in evidence and of which no copies appear in the brief, presented a full view of the car from various angles. They might throw some light upon the ques-

tion we are considering. We cannot hold that a car that was damaged as the plaintiff's apparently was, cannot run a considerable distance before it completely collapses. The matter was for the consideration of the jury.

(3) Was plaintiff guilty of contributory negligence? If he should have seen the hole, the presumption of negligence would arise. The hole in question was in a trench that had been filled up and the place where it was, was not unlike the rest of the trench in appearance. Manifestly, it was not so easy of observation as if it had been an isolated depression. Although plaintiff had travelled the street before, he had not known of this hole. There was a car ahead of him and as we have observed before, he dropped into this hole in the act of passing another car. Quoting from the opinion of the lower court on the application for a new trial: "Plaintiff stated that because of the car's being in front of him he was unable to see the hole in the pavement in time to avoid striking it. Other occupants of the car stated that by reason of other cars in front, although they were observing the road ahead, they were unable to see the hole into which the car dropped in time to avoid striking it. Several of the witnesses indicated that the hole could not be seen at any considerable distance from it."

As stated in Graham v. Philadelphia, 19 Pa. Superior Ct. 292, plaintiff "must, however, keep his eyes open and his wits about him and must look where he is driving. The omission of this plain duty is negligence and bars recovery for the injury for which it contributed. But there must be no doubt or uncertainty about the facts attending the accident in order to justify the courts in treating the question of contributory negligence as one of law."

The contentions of the parties were all for the jury.

The situation presented did not permit the trial judge to decide them as questions of law.

The assignments of error are overruled and the judgment is affirmed.