284

177 So.2d 909

**M. D. FITZPATRICK etc. et al.**

v.

**Frank M. DEAN.**

**3 Div. 177.**

Supreme Court of Alabama.

July 15, 1965.

Rehearing Denied Sept. 2, 1965.

Ball & Ball, Montgomery, for appellants.

Truman Hobbs, Miles Hall and Godbold, Hobbs & Copeland, Montgomery, for appellee.

SIMPSON, Justice.

The appellee, plaintiff below, was injured as a result of a rear-end automobile accident on July 25, 1963. The evidence is that he suffered injuries to his neck and was treated by doctors for several months, during which time he wore an orthopedic collar for some four months. From a judgment in favor of plaintiff, defendants appealed.

No contention is made that the defendants are not liable for damages to the plaintiff, but rather it is contended that error was committed by the trial court in allowing testimony, documentary evidence and instructions to the jury on the question of whether plaintiff could recover for lost profits from his business. This issue is the sole question on appeal.

The record indicates that the plaintiff was a salesman and a one-third owner of a business engaged in the sale of office equipment. The business was incorporated but he testified that it was "actually a corporation, but we were operating as a partnership". The plaintiff contended that as a result of the injury he suffered, he suffered a decrease in his sales production with a corresponding decrease in the profit to the business, in which he participated on the basis of 33⅓%.

The court allowed the plaintiff to introduce as evidence itemized records of his sales production for a period of five months before the accident and for some twelve months after the accident. These records indicated that the gross profit from his sales for the five months prior to the accident averaged some $1,200.00 per month and for some months after the accident the average was some $650.00 per month.

Should this evidence have been considered in assessing damages? As a general rule, in a personal injury action, the loss of the value of time or earning power of the plaintiff is the element to be considered in the measure of damages and evidence of lost profits is allowable only insofar as it is probative of loss of earning power. It is noted in 15 Am.Jur. 498, § 88, that:

"One who is injured in his person may recover for any resulting loss of time and consequent loss of earnings and for any loss or diminution of his earning capacity. In this regard, however, it should be borne in mind that loss of earnings is distinct from loss of profits, the difference being that earnings are the fruit or reward of labor, the price of services performed, while profits represent the net gain made from an investment or from the prosecution of some business after the payment of all expenses incurred. The injured person is entitled to compensation for loss of earnings derived from personal effort, skill, or ability or for the destruction or impairment of his ability to perform labor or render service which is essentially and fundamentally personal in character. Generally, in either case, compensation is limited to earnings which are the result of personal effort. As a general rule, therefore, recovery is not allowed for the loss of business or profits from invested capital or the labor of others no matter how prominent the injured person's part therein or how essential to its successful operation his connection with it may be."

In Banker's Mortgage Bond Co. v. Sproull, 220 Ala. 245, 124 So. 907, we stated:

"* * * the court committed no error in admitting evidence of appellee's average earnings by way of commissions. It has been held by this court that a party may not, in an action on contract, recover the profits he may have lost by reason of the interruption of his business. Central of Georgia v. Weaver, 194 Ala. [37] 46, 69 So. 521; Perfection Mattress Co. v. Dupree, 216 Ala. 303, 113 So. 74; Millican v. Haynes, 212 Ala. [537] 539, 103 So. 564. But, in an action of tort, plaintiff may recover for the impairment of his earning capacity and for time lost from his business by reason of the

wrong complained of. Sparks v. McCreary, 156 Ala. 382, 47 So. 332, 22 L.R.A.,N.S., 1224. In this connection we refer to Baxter v. Philadelphia & Reading Rwy., 264 Pa. 467, 107 A. 881, 9 A.L.R. 504, and Lo Schiavo v. Northern Ohio Co., 106 Ohio St. 61, 138 N.E. 372, 27 A.L.R. 424, where this subject and the confusion of the authorities bearing upon it are discussed. And the court here is of the opinion that the plaintiff in cases of this character—and of course any other competent witness—may testify to earnings by personal effort over a period so reasonably extended as to afford the basis for a just estimate of average earnings—this in order to provide data upon which to award compensation for loss of time in the event of a finding for plaintiff. Beck v. West, 87 Ala. 213, 6 So. 70, is supposed to be the stumbling block in the way of the conclusion indicated. But we note that plaintiff in that case, a suit for breach of contract, was allowed to recover his agreed shares of the profit—which were the same as commissions in this case—on sales made by him or which 'he could have perfected during his term' of employment; but not on 'mere expectations, doubtful offers, or other vague or indefinite assurances of intention to purchase, without expression of quantity or value,' which according to the opinion in that case 'must be classed as speculation, and hence not recoverable,' citing a number of cases in which the actions were on bonds in attachment cases or other contracts. In that case there was no offer to prove average past earnings—there had been no such earnings, or next to none, as the stated facts disclose—but the offer by plaintiff was to give in evidence his opinion as to what he would or probably would have made without any basis in experience for such opinion. The judgment now is that in cases of this character it is enough if the evidence furnishes data for a fair and just approximate estimate of the amount of damage suffered by reason of loss of time. [Authorities cited.] Of evidence of the sort now approved, it has been said by competent authority that 'these facts are not shown as affording a measure of damages, but to aid the jury in estimating a fair and just compensation for being prevented by the injury from engaging in or prosecuting such business or work.'"

See also Wilson & Co. v. Sims, 250 Ala. 414, 34 So.2d 689, where we said:

"* * * such loss of earnings is not the proper measure of damages. The admissibility of such evidence is rested on the theory that the plaintiff's resulting loss of time and consequent loss of earnings or the diminution of earning capacity is to be considered by the jury in aiding them in estimating just compensation for being prevented by the injury from engaging in his work."

■ We think it clear then that evidence of what the plaintiff lost as a result of being unable to perform his usual work in his business should not be excluded simply because such earnings are termed profits. Rather, the prevailing consideration is whether the profits are a product of personal effort of the plaintiff. If so, and they are proved by competent evidence to be diminished as a result of the plaintiff's being unable to render such personal effort by reason of an injury proximately caused by the acts of the defendant, such losses are recoverable.

■ We believe the facts in this case indicate that the diminution in plaintiff's earnings from his business was clearly shown to be a result of his inability to devote the time and effort to the job of selling office machines after the accident to the same degree that he did so prior to the accident. At the very least the evidence of the loss of time from his job could be considered by the jury in assessing the damage he suffered as a result of his injury.

We think there is evidence properly admitted which supports a finding that the diminution in plaintiff's earnings from his business was a result of his inability to devote the time and effort to the job of selling office machines after the accident to the degree that he did so prior to the accident. There is every indication that but for his injury, his earnings from his business would not have been diminished.

We find no error in allowing the jury to consider this evidence along with all other in arriving at its verdict.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.