HOLMES, Judge.
The plaintiff, Mrs. Preston, sued defendants for damages she incurred as a result of an automobile accident in May of 1979.
At trial, Mrs. Preston offered evidence as an element of plaintiff’s damages regarding the loss of profits in Mrs. Preston’s business in 1979. More specifically, Mrs. Preston offered a 1979 Schedule C profit or loss statement which had been filed with the Internal Revenue Service on behalf of Mrs. Preston’s retail clothing store. Mrs. Preston contends that the store’s loss of profits was due to Mrs. Preston’s injuries.
The trial court refused to admit the 1979 profit or loss statement into evidence and Mrs. Preston appeals. We affirm.
The sole issue on appeal is whether the trial court erred in refusing to admit the 1979 profit or loss statement.
Viewing the record with the attendant presumptions, the following facts are revealed: On May 13, 1979, a car in which Mrs. Preston was riding was struck from the rear by a vehicle driven by Mr. Hyde, an employee of the defendant, Alabama Power Company. The parties evidently stipulated at a pretrial conference that Mr. Hyde was acting in the line and scope of his employment when the accident occurred.
Mrs. Preston suffered a back injury as a result of the wreck. The doctor who treated Mrs. Preston told her that she had a compressed vertebra. The injury caused Mrs. Preston to have a great deal of pain, which had not completely subsided at the time of trial. Mrs. Preston testified that as a result of her injury she was unable to carry her normal workload in connection with her clothing store.
Mrs. Preston’s clothing store was actually begun when, in 1973, she added clothes to the beauty shop she had established. In 1975 she moved the clothing part of her business into a Dothan shopping center.
Several salesladies, including Mrs. Preston, worked in the clothing store; some of them worked only part time. Mrs. Preston also employed a certified public accountant and a part time bookkeeper.
At trial, Mrs. Preston testified that, before the accident, she attended several merchandise markets a year and did practically all of the buying for the store. Her friend, Roby Mosely, did accompany her on some of the trips and purchased a small amount of the merchandise for the store. After the injury, Mrs. Preston was physically unable to do the buying necessary to maintain the store’s inventory.
In fact, Mrs. Preston was unable to attend the markets in Dallas and Atlanta which were held a few weeks after the accident. She did attend markets in both places in August, but because of her pain, was not able to make as many purchases as necessary. Consequently, Mrs. Preston contracted with a buying service in New York to meet the store’s inventory needs.
*109 There was also testimony that, before the accident, Mrs. Preston was generally at the store from nine until six, but that she did not keep regular hours after the accident. There was also evidence that her ability to assist customers was impaired and that when she was at the store she spent a lot of time sitting.
As stated above, the sole issue on appeal is whether the trial court erred in refusing to admit the 1979 profit or loss statement. Counsel for Mrs. Preston contends that such evidence is admissible because the clothing store’s loss of profits was due to Mrs. Preston’s inability to render personal effort, skill, or ability as a result of her injuries.
The applicable rule of law in this case is found in Fitzpatrick v. Dean, 278 Ala. 284, 177 So.2d 909 (1965). The Alabama Supreme Court held in that case that if the profits of a business are a product of the personal effort, skill, or ability of the plaintiff and if the plaintiff proves by competent evidence that the profits were diminished as a result of the plaintiff’s inability to render such personal effort, etc., such losses may be recovered. Fitzpatrick, supra. Put another way, the plaintiff must prove that the loss was directly attributable to or a necessary consequence of his injury. Dingus v. Cain, 56 Tenn.App. 294, 406 S.W.2d 169 (1965). The rule stated above is clearly in accord with the general rule that profits which are speculative or remote may not be considered as an element in estimating damages. See, Taylor v. Shoemaker, 34 Ala.App. 168, 38 So.2d 895, cert. denied, 251 Ala. 601, 38 So.2d 900 (1949).
In the instant case, the loss of profits as shown by the attempt to introduce the 1979 “Schedule C” can be said to be speculative. This is so because Mrs. Preston has not adequately shown, so as to require reversal, that the loss incurred was directly attributable to or the necessary consequence of her injury. In fact, the 1979 statement itself shows expense items which have a bearing on the business’s profit, but which Mrs. Preston has not proved were incurred or increased as a result of her injury. Examples are advertising expenses, expenses for legal and professional services, and interest on business indebtedness. It is the lack of connection between such items and Mrs. Preston’s injury which give rise to speculation in the determination of damages.
With the above in mind, this court cannot say the trial court erred to reversal in refusing to allow the “Schedule C” document into evidence. This is so because there was inadequate proof that the loss shown on the document was due to the plaintiff’s inability to render personal effort, skill, or ability.
We note that Mrs. Preston, through able and distinguished counsel, relies heavily on the Fitzpatrick case in contending error on the part of the trial court in the case on appeal. While the law in Fitzpatrick is clearly applicable in this case, the facts are clearly distinguishable from those at hand.
The plaintiff in Fitzpatrick sold office equipment for a business in which he was a one-third owner. Although the business was incorporated, it was run as a partnership, with the plaintiff receiving 33*/8% of the profits.
Plaintiff suffered neck injuries in an automobile accident. He was treated for several months, some four of which he had to wear an orthopedic collar. Plaintiff’s sales production decreased after the accident, and there was a corresponding decrease in the profits of the business.
The Alabama Supreme Court equated plaintiff’s loss of profits from sales with a loss of earnings and stated that:
[T]he diminution in plaintiff’s earnings from his business was clearly shown to be a result of his inability to devote the time and effort to the job of selling office machines after the accident to the same degree that he did so prior to the accident. . . .
Fitzpatrick v. Dean, 278 Ala. at 286, 177 So.2d at 912.
As stated above, Mrs. Preston has not clearly shown in the case on appeal that her store’s loss of profits was necessarily a result of her inability to perform after the accident to the same degree as she did before the accident.
*110 The case is due to be affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.