MONROE, Judge.
The plaintiff appeals from a judgment in his favor in a personal injury case.
Venkatesh J. Reddy sued Thomas Warren Chappelle for damages based on injuries he claimed to have sustained in July 1992 when the vehicle Reddy was driving was struck in the rear by a vehicle driven by Chappelle. The case was tried before a jury in June 1995, and the jury returned a verdict in favor of Reddy in the amount of $3,000. Reddy filed a motion for a new trial, which the trial court denied. Reddy appeals.
Reddy first contends that the trial court erred in refusing to allow him to testify as to the amount of profits he says he lost because of his inability to perform consulting work as a result of the accident. Reddy conceded that he did not sustain any loss of wages from his primary employment as an engineer at a local company. However, he testified that on the weekends and in his other spare time, he made up the time that he missed from work for medical appointments, even though the company would have paid him sick leave for that time. He says that he would have spent that time performing consulting work at the rate of $30 per hour, and he argues that he should have been allowed to testify as to what he says he would have earned during that time.
In a pretrial conference, the trial court told Reddy that he could present evidence that he had offers of consulting work that he was unable to perform because of injuries resulting from the accident. However, the trial court would not allow Reddy to merely testify as to the amount of the alleged lost profits.
A plaintiff may recover for lost profits in a personal injury action if the profits of a business “are a product of the personal effort, skill, or ability of the plaintiff and if the plaintiff proves by competent evidence that the profits were diminished as a result of the plaintiffs inability to render such personal effort.” Preston v. Alabama Power Co., 401 So.2d 107,109 (Ala.Civ.App.1981).
However, “profits which are speculative or remote may not be considered as an element in estimating damages.” Id. For one to recover damages on a claim for time lost from work or business, the claim must be supported by competent evidence and specific data. Mackintosh Co. v. Wells, 218 Ala. 260, 118 So. 276 (1928). The plaintiff cannot recover for mere expectations, doubtful offers, or other vague or indefinite offers, because such offers are classified as speculation and, as such, cannot be the basis for recoverable damages. See Fitzpatrick v. Dean, 278 Ala. 284, 177 So.2d 909 (1965) (in which the Supreme Court discussed at length the type of evidence that is admissible to show loss of profits in a personal injury action). .
The plaintiff, and/or any other competent witness, may testify as to his earnings by personal effort, over a reasonable period of time to ascertain an average, to provide data upon which to award compensation for loss of time. Id. However, where there is no offer by the plaintiff to prove average past earnings, but merely an offer to testify as to his opinion of what he would have made, without any basis in experience for such an opinion, the plaintiff has not made an offer of competent evidence. See Fitzpatrick, supra.
In this case, Reddy merely offered to testify that he would have earned $30 per hour for consulting work for every hour that he spent making up work time that he had missed because of medical appointments. He did not offer any evidence of his average earnings over a reasonable period of time for consulting work he had allegedly performed, or any evidence of specific offers of consulting jobs that he had received and had to turn down because of his injuries resulting from the accident. Reddy’s proffered testimony was merely speculative and was not supported by competent evidence and specific data. Therefore, the trial court did not err in refusing to allow his testimony.
Next, Reddy contends that the trial court erred in refusing to give his requested jury instruction on the use of mortality tables. In Alabama, mortality tables have been adopted *197 by statute in §§ 35-16-3 and -4, Ala.Code 1975, and are used as an aid to the jury in computing damages in cases in which there is evidence of permanent injuries. Alabama Pattern Jury Instructions: Civil, instruction 11.20. Because Reddy claimed a permanent injury as a result of the accident, the trial court admitted mortality tables into evidence, pursuant to § 35-16-4. Reddy then requested that the trial court give the jury charge on the mortality table from APJI instruction 11.19. The trial court refused, stating that Reddy’s counsel had already told the jury about the' tables, apparently referring to comments made during closing argument.
“It is a basic tenet of Alabama law that ‘a party is entitled to have his theory of the case, made by the pleadings and issues, presented to the jury by proper instruction, ... and the [trial] court’s failure to give those instructions is reversible error.’ ” Volkswagen of America, Inc. v. Marinetti, 628 So.2d 378, 384 (Ala.1993) (citation omitted). However,
“[t]he refusal of a requested, written instruction, although a correct statement of the law, shall not be cause for reversal if it appears that the same rule of law was substantially and fairly given to the jury in the court’s oral charge or in the charges given at the request of the parties.”
Rule 51, Ala.R.Civ.P. “The law is clear that the refusal of a requested charge is not error where the trial court’s oral charge ‘substantially and fairly’ covers the same principles as the requested charge.” Volkswagen of America, supra.
The jury charge on mortality tables that Reddy requested from APJI instruction 11.19 states:
“ ‘Mortality tables’ are a means of ascertaining the probable number of years a person of a given age and of ordinary health will live; and the mortality table may be used by you as an aid in computing ■ damages if you are reasonably satisfied from the evidence that the injuries sustained by the plaintiff are permanent. Such tables are not binding upon you, and are not conclusive.”
In its charge to the jury regarding damages, the trial court stated that Reddy was seeking to recover compensatory damages for medical expenses, permanent injuries, and mental pain and suffering. Specifically regarding permanent injuries, the trial court instructed the jury as follows:
“It is for you to determine from the evidence the nature, extent, and duration of the Plaintiffs injuries. If you are reasonably satisfied from the evidence that the Plaintiff has suffered permanent injury and that such injuries proximately resulted from the wrongs complained of, then you should include in your verdict such sum as you determine to be reasonable compensation for such injury.”
We hold that the trial court’s jury charge ‘substantially and fairly’ covers the same principles as the requested charge by instructing the jury that, if it is reasonably satisfied by the evidence that Reddy is permanently injured as a result of the accident, then it should include as damages a reasonable compensation for the permanent injury. The mortality table was admitted into evidence and was before the jury for its consideration in determining Reddy’s damages. We cannot say that the trial court erred to reversal in refusing to give Reddy’s requested jury charge on the mortality tables.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.