CRAWLEY, Judge,
concurring in part and dissenting in part.
I would affirm the summary judgment for McConnell Realty in its entirety; therefore, I dissent from that portion of Presiding Judge Robertson’s opinion that reverses the summary judgment as to the fraudulent-misrepresentation claim.
As Presiding Judge Robertson states, Platt’s fraudulent-misrepresentation claim is governed by the “reasonable reliance” standard readopted by the supreme court in Foremost Ins. Co. v. Parham, 693 So.2d 409 (Ala.1997). I conclude that Platt did not reasonably rely on any alleged misrepresentations that the portion of West Second Street fronting the property had not been vacated when in fact the City of Gulf Shores had vacated that portion of the street.
Platt testified in his deposition that before he signed the purchase agreement he viewed the property and upon viewing it was concerned about the condition of West Second Street. He testified that it was clear to him that the City was not maintaining the street, as was evidenced by the fact that trees 18-to 20-inches tall were growing in the middle of the roadway. Before the sale was closed, Platt also read the title policy and the warranty deed, both of which carried this phrase: “No visible means of ingress and egress to and from said property.”
I conclude that Platt could not have reasonably relied on any misrepresentation *588 that there was ingress to and egress from the property via West Second Street, when his observations made before he signed the purchase agreement, and two documents that he read before he chose to close on the contract, clearly indicated that West Second Street did not provide ingress to or egress from the property. Kline v. Resort Inv. Corp., 547 So.2d 495 (Ala.1989) (holding that purchasers of real property did not present any evidence that they had reasonably relied on alleged misrepresentation made by seller; the purchasers had knowledge of conflicting facts that put them on notice that the seller’s statements were in fact false).
Furthermore, Platt did not produce substantial evidence indicating that he suffered damage as a result of the alleged misrepresentations. It is undisputed that Platt sold the property at a profit. Platt contends that the profit was not as high as it could have been if the property had had a means of ingress and egress. I conclude that Platt’s testimony is indeed too speculative to constitute substantial evidence of damage. See Reddy v. Chappelle, 678 So.2d 195 (Ala.Civ.App.1996).
THOMPSON, J., concurs.