# Ida M. Wallace *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Damages—Loss of earning power—Evidence.*

In an action for damages for personal injuries, loss of earning capacity is a proper element to be considered by the jury in making up their verdict, but in order to take it into account, they must have before them some testimony to show to what extent the plaintiff's earning capacity has been impaired.

While profits derived from capital invested in business cannot be considered as earnings, yet in many cases profits derived from the management of a business may properly be considered as measuring earning power. This is especially true where the business requires and receives the personal attention and labor of the owner.

Pliantiff was a boarding house keeper. On the trial all that was shown as to the loss of earning capacity was, that when she was able to resume her business after the injury her house was not as well filled as before. Neither the cause of the falling off of business nor its effect upon the profits was shown. *Held*, that while it was competent to show the profits of the plaintiff's business as a measure of her earning capacity, there was not sufficient evidence on the subject to warrant its submission to the jury.

Argued Jan. 24, 1900. Appeal, No. 398, Jan. T., 1899, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1899, No. 287, on verdict for plaintiff. Before McCollum, Mitchell, Fell, Brown and Mestrezat, JJ. Reversed.

Trespass for personal injuries. Before Willson, J.

At the trial it appeared that plaintiff was injured while a passenger on a train of the defendant on February 24, 1899. The defendant offered no testimony, but presented this point:

There is no sufficient evidence in the present case that the plaintiff's earning capacity has been reduced by the accident, and no damages on that ground should therefore be awarded her. *Answer:* I cannot answer that point affirmatively, as I understand it to be put. I suppose it is based upon the point which counsel made in the argument, that you have not been told by any witness just how much diminution there had been from the income of keeping a boarding house by reason of the injury. Well, you have not. Perhaps it would have been more satisfactory if you had been informed somewhat upon that point. Still, there is evidence, as I remember it, in the case, that there was a diminution of the business, and, I think, I must leave the question to you, with the caution which I have already given you, that you should be sure that you are just and reasonable in your conclusions, and not led into any excessive, wild, or unreasonable figures or any unreasonable judgment on the subject.

Verdict and judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned* was answer to above point.

*George Tucker Bispham*, for appellant.—The evidence as to loss of earning power was not sufficient to submit to the jury:

Goodhart v. R. R., 177 Pa. 1; McHugh v. Schlosser, 159 Pa. 480; Peoples' Pass. Ry. Co. v. Lauderbach, 4 Penny. 406.

*Thomas Earle White*, for appellee.

OPINION BY Mr. JUSTICE FELL, March 12, 1900:

The assignments of error relate to the answer of the court to a request to charge that there was not sufficient evidence that the plaintiff's earning capacity had been reduced by the accident to warrant a recovery on that ground. The plaintiff kept a boarding house. There was some evidence that her business was diminished because of her injuries. The learned judge apparently with some hesitation, because of the meagerness of the testimony, declined the point, and by his answer thereto the jury were allowed to find as an inference of fact that there had been a diminution of the plaintiff's earning power because there had been a diminution of her business. It is now argued by the appellant that in order to recover for loss of earning capacity the plaintiff was bound to show that she had suffered a loss in that respect, and that it could not be shown by proof of loss of the profits of her business.

The plaintiff could have produced testimony to show to what extent her earning capacity had been impaired, and it was incumbent on her to do so in order to recover for any loss on that ground: McHugh v. Schlosser, 159 Pa. 480. But we do not assent to the proposition that as proof of the loss of earning capacity it was incompetent for the plaintiff to show a diminution of the profits of her business. This proposition finds support in some statements in the opinion in Goodhart v. Penna. R. Co., 177 Pa. 1. In that case much incompetent testimony had been admitted on the question of the measure of damages. Among other things the plaintiff had been allowed to produce expert testimony as to the money value of his earning capacity, and to show the profits of a mercantile business in which some time before his injury he had been engaged as a partner. It was in relation to this testimony that it was said that profits derived from an investment or management of a business enterprise are not earnings, and that the profits of a business with which one is connected cannot therefore be made use of as a measure of his earning power. These state-

ments, while correct as applied to the facts of that case, are altogether too broad for general application, and they are misleading. Profits derived from capital invested in business cannot be considered as earnings, but in many cases profits derived from the management of a business may properly be considered as measuring the earning power. This is especially true where the business is one which requires and receives the personal attention and labor of the owner.

We are of the opinion that it was competent to show the profits of the plaintiff's business as a measure of her earning power, but we are constrained to hold that there was not sufficient evidence on this subject to warrant its submission to the jury. All that was shown was that when she was able to resume her business after her injury her house was not as well filled as before. Neither the cause of this falling off of her business, nor its effect upon the profits, was shown. Both of these were necessary as a basis for recovery for the permanent impairment of her earning power.

The judgment is reversed with a venire facias de novo.