# Simpson v. Pennsylvania Railroad Company, Appellant.

*Negligence—Damages—Loss of earning power—Evidence.*

It is error to submit to a jury the loss of earning power as an element of damages in the absence of any proof upon the subject. But such proof need not be clear and indubitable to entitle it to go to the jury. Except where a fixed compensation is paid for services rendered, there can be no certainty. The age of the person, his situation in life, his condition of

health and habits of industry, and profits derived from the management of a business resulting from the personal attention and labor of the owner as distinguished from profits arising from invested capital, may in proper cases be considered in determining earning power.

In an action to recover damages for personal injuries it appeared that the plaintiff was engaged in the business of producing oil. He owned a number of leases of oil lands upon which he was operating, and was also the treasurer of gas companies in which he was interested. His whole time and attention were given to the management of his oil business and to assisting in the management of the gas companies. His injuries it was claimed entirely disabled him from attending to any business. A witness shown to have a special knowledge of the plaintiff's business and of the manner in which he conducted it and the time and attention given to it testified that his services were worth from $5,000 to $10,000 a year. The instruction in the charge was that while this testimony was meager and indefinite it should be considered by the jury, but they were cautioned that unless satisfied that from the whole testimony they could reach a proper conclusion as to the loss of earning power, they should make no allowance therefor. *Held,* that the instruction was proper.

Argued Oct. 13, 1904. Appeal, No. 159, Oct. T., 1904, by defendant, from judgment of C. P. Venango Co., Nov. T., 1903, No. 14, on verdict for plaintiff in case of S. H. Simpson v. Pennsylvania Railroad Company. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CRISWELL, P. J.

At the trial the defendant's liability was admitted, and the only question raised was as to the damages. The · evidence tended to show that plaintiff's injuries were such as to disable him entirely from attending to any business. Plaintiff's occupation was that of operating oil leases and participating in the management of gas companies.

The court charged in part as follows:

[The only witness called on the part of the plaintiff who has endeavored to fix a value on the services rendered by him is Mr. Brundred. He stated that he knew in a general way the work that was being performed by the plaintiff prior to the time of his injury; knew of his business; to what he devoted his time; the manner and extent to which his time was occupied by his work; and he says that the services performed by him

in this respect were worth anywhere from $5,000 to $10,000 a year. That is rather indefinite, but it is all there is on the subject and, as we understand, it is proper for your consideration.] [4]

Verdict and judgment for plaintiff for $41,200. The plaintiff on a motion for a new trial remitted all in excess of $22,000. Defendant appealed.

*Error assigned* among others was (4) portion of charge as above, quoting it.

*John M. Greer*, with him *C. I. Heydrick* and *J. L. Nesbit*, for appellant, cited: Goodhart v. Penna. R. R. Co., 177 Pa. 1; McKenna v. Gas Co., 198 Pa. 31; McHugh v. Schlosser, 159 Pa. 480; Wallace v. Penna. R. R. Co., 195 Pa. 127.

*Peter M. Speer*, with him *Isaac Ash*, for appellee, cited: Baker v. Irish, 172 Pa. 528; Hoon v. Traction Co., 204 Pa. 369; Thompson v. Boyle, 85 Pa. 477; McKenna v. Gas Co., 201 Pa. 146.

OPINION BY MR. JUSTICE FELL, December 31, 1904:

The plaintiff while a passenger was injured in a collision on the defendant's road. The defendant's liability was conceded, and the contest at the trial was as to the extent and permanency of the plaintiff's injuries and the damages resulting from the permanent loss of earning power. The only question now to be considered is that raised by the third specification of error. The court was asked to charge that no competent evidence of the loss of earning power had been produced by the plaintiff and that no allowance should be made therefor by the jury. This request was refused, but the jury was referred to what had been said on the subject in the general charge. Testimony as to earning power had been admitted without objection, and the sufficiency of the testimony was the only matter that could properly be raised by the point presented.

The plaintiff was engaged in the business of producing oil. He owned a number of leases of oil lands upon which he was operating, and was also the treasurer of gas companies in which he was interested. His whole time and attention were given

to the management of his oil business and to assisting in the management of the gas companies.  His injuries, it was claimed, entirely disabled him from attending to any business.  A witness shown to have a special knowledge of the plaintiff's business and of the manner in which he conducted it and the time and attention given to it testified that his services were worth from $5,000 to $10,000 a year.  The instruction in the charge was that while this testimony was meager and indefinite it should be considered by the jury, but they were cautioned that unless satisfied that from the whole testimony they could reach a proper conclusion as to the loss of earning power, they should make no allowance therefor.

It is error to submit to a jury the loss of earning power as an element of damages in the absence of any proof upon the subject.  But such proof need not be clear and indubitable to entitle it to go to the jury.  Except where a fixed compensation is paid for services rendered, there can be no certainty.  The age of the person, his situation in life, his condition of health and habits of industry, and profits derived from the management of a business resulting from the personal attention and labor of the owner, as distinguished from profits arising from invested capital, may, in proper cases, be considered in determining earning power: McHugh v. Schlosser, 159 Pa. 480; Wallace v. Penna. R. R. Co., 195 Pa. 127 ; McKenna v. Citizens' Nat. Gas Co., 198 Pa. 31.  The testimony submitted to the jury in this case went to show the money value of work done by the plaintiff before his injury.  It could not have been withheld from the jury, nor could it have been submitted in a manner to guard more fully and fairly the rights of the defendant.  The case was tried with marked ability and the learned judge properly secured, by requiring the filing of a remittitur, the reduction of what he considered an excessive verdict to a reasonable amount.

Judgment affirmed.