# Ruse *v.* Pittsburgh Railways Co., Appellant.

*Damages—Measure of damages—Negligence—Loss of earning power—Evidence—Proper recovery.*

Damages for loss of earning power resulting from injuries sustained by plaintiff in a street railway accident are justified by evidence showing that he had previously been earning a fixed salary but that he was incapacitated by his injuries from earning anything in the only business of which he had knowledge.

Argued Oct. 13, 1914. Appeal, No. 19, Oct. T., 1914, by defendant, from judgment of C. P. Allegheny Co., Feb. T., 1912, No. 238, on verdict for plaintiff in case of C. W. Ruse v. Pittsburgh Railways Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before EVANS, J.

From the record it appeared that at the time of the accident plaintiff was in good health, that he was 39 years of age and was earning a salary of $125 per month.

Other facts appear in the opinion of the Supreme Court.

Verdict for plaintiff for $10,571 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury.

*Walter M. Lindsay,* with him *Clarence Burleigh* and *William A. Challener,* for appellant.

*Rody P. Marshall,* of *Thomas M. & Rody P. Marshall,* for appellee.

PER CURIAM, January 2, 1915:

The errors assigned relate to the measure of damages,

the contention of the appellant being that there was no evidence on which to base an intelligent estimate of the loss of earning power. The jury found that the plaintiff's injury was caused by the starting of the defendant's car, while he was in the act of boarding it. It was undisputed that as the result of the injury the plaintiff had an ununited fracture of the neck of the femur, in consequence of which he had no use of one leg and was unable to walk without the aid of a crutch. It was shown that he was earning a fixed salary before his injury and that afterwards he was unable to command a salary or to earn anything in his business as an undertaker, which was the only business of which he had knowledge.

The loss of earning power, as an element of damage, must be proved as any other fact, but such proof need not be clear and indubitable as to the extent of loss to entitle it to go to the jury: Simpson v. Railroad, 210 Pa. 101. It is rarely that the proof is as satisfactory as that offered by the plaintiff in this case, which was of a fixed salary before injury and inability to earn anything afterwards. The case was submitted in a manner to fully protect the rights of the defendant and we find no error in the record.

The judgment is affirmed.