MARY A. ACUFF, Plaintiff in Error, v. FAITH
CROSS VINSANT, Executrix of the Estate of Dr.
Robert Sherman Vinsant, deceased, Defendant in
Error.—443 S.W.2d 669.

Western Section. March 20, 1969.

Certiorari Denied by Supreme Court July 22, 1969.

728

Goff, Winchester & Walsh, Memphis, for plaintiff in error.

John S. Porter and Charles O. McPherson, Memphis, for defendant in error, Burch, Porter & Johnson, Memphis, of counsel.

MATHERNE, J. Plaintiff, Mary A. Acuff, sued for personal injuries due to the negligent, careless, unskilled and unprofessional manner in which Dr. Robert Sherman Vinsant, a dentist, permitted a broken portion of plaintiff's tooth which was being extracted to fall into

and pass through plaintiff's trachea and to become lodged in plaintiff's lung while plaintiff was unconscious under a general anesthesia. Dr. Vinsant is now deceased, and this suit is brought against the executrix of his estate. In the Trial Court plaintiff obtained a verdict and judgment for $10,000.00. Defendant does not appeal in error.

Plaintiff by two assignments of error presents the following issues before this Court: (1) The Trial Court erred in excluding certain testimony which would tend to prove the amount of profits plaintiff's business lost due to plaintiff's absence therefrom while suffering from these injuries, and (2) The plaintiff seeks a remand for a new trial on the issue of damages only.

At the outset we must dispose of a motion to amend assignments of error as filed by the plaintiff after the case was argued before this Court. At the hearing one member of this Court inquired of plaintiff's attorney whether there was an assignment of error before this Court based upon the inadequacy of the verdict. There was no such error specifically assigned, and plaintiff now seeks to amend so as to add an assignment of error based upon inadequacy of the verdict. This motion must be overruled for the reason that no ground of the Motion for New Trial specifically asserting the inadequacy of the verdict was presented to the Trial Judge; and this motion fails to comply with Rule 12(4) and (5) of this Court. However, we hold it not necessary that the plaintiff have an assignment of error based upon the inadequacy of the verdict in order to obtain a review on the issues raised as above noted.

Plaintiff is the owner of a business in Memphis, Tennessee, known as Crosstown Storage and Transfer Com-

pany. The business is generally operated in three parts, the local household moving business, the storage and connecting intercity moving operations, and the heavy hauling business. Plaintiff's husband operates the heavy hauling business under the name of Acuff Crane Service. Plaintiff largely operates the storage and warehousing phase of the business and completely operates the local household moving operations. We will hereinafter discuss only the household moving operations as plaintiff's business.

In this business plaintiff owns nine moving vans and employs on average about twenty-five employees. The business is obtained by telephone calls from prospective customers. Plaintiff receives these calls at her office, establishes a price or charge with the customer, prepares the order for the job and dispatches a van thereto. Plaintiff attends to all personnel problems, makes arrangements for the servicing and repair of the vans and handles all claims against the business. We conclude from the record that plaintiff was the predominate and moving force responsible for this business as well as being the owner thereof. Plaintiff has been in this business for over twenty years.

The record reveals that the tooth extraction which resulted in the injuries suffered occurred on October 1, 1966; that plaintiff immediately began having fever and experiencing other physical difficulties. The broken portion of the tooth was located in plaintiff's lung by x-ray, and plaintiff underwent lung surgery on October 26, 1966, for the removal of this object. Plaintiff remained in the hospital for about eighteen days. Upon returning home plaintiff experienced rather severe suffering and was unable to properly move her right arm and shoulder.

For several weeks she made regular visits to a specialist concerning this arm and shoulder difficulty. Plaintiff and her husband testified that plaintiff was unable to perform her work for a period of from six to seven months after the surgery. On cross examination it appears that plaintiff did, to some extent at least, perform some of her work during this period. Plaintiff and her husband testified that she could not now put in a full day's work; that she tired easily and was physically unable to perform at her job in the manner she did prior to the injuries. We conclude from the record that there was material evidence introduced from which the jury could have found the plaintiff suffered a loss of earning capacity in some degree due to the injuries received.

 One of the elements of plaintiff's damages was her loss in her earning capacity, measured by the value of that part of which she was deprived. The principle is the same whether the deprivation be permanent or only temporary. It is not loss of time or earnings, but loss of the power to earn that constitutes this element of damages. Southern Coach Lines, Inc. v. Wilson (1948) 31 Tenn.App. 240, 214 S.W.2d 55, and cases cited.

Plaintiff submitted as evidence of the value of her earnings the testimony of the certified public accountant who had kept the books and records of her business for about ten years. The substance of this evidence was to show the gross profits of the household moving operations of plaintiff's business for that period of seven months from November 1, 1965, through May 31, 1966, to be $14,962.35 as against $1,606.49 gross profits of said business for that period of seven months from November 1, 1966, through May 31, 1967, during which latter period plaintiff had introduced evidence that she was totally

disabled, or substantially so, to work at said business. Defendant objected to this evidence as being based upon speculation and conjecture, which objection was sustained by the Trial Judge, and the evidence was excluded.

This accountant began keeping the books and records of plaintiff's business in 1959. He had been present in plaintiff's office on numerous occasions during this time and had observed her operating the business. His testimony was that plaintiff made initial contact with customers by telephone; that plaintiff would by telephone determine the type of moving job at hand, learn all details as to the nature of the job to be done, and would quote a figure to the prospective customer at that time; that to be able to do this required quite a bit of skill and experience in this type of business. This testimony corroborated that of the plaintiff and her husband as to the importance of plaintiff's presence at the office.

This accountant further testified that his firm handled many accounts of businesses in the moving industry; that fifty per cent of the volume of his firm was in this type of business. This witness had made and tendered in evidence a complete analysis of the household moving phase of plaintiff's business during the two periods above mentioned. He offered as exhibits various schedules as prepared by him from the books and records of plaintiff's business which reflect the difference in gross profit as above noted; a complete and detailed analysis of revenue and expenses for said period, all recapitulated to show also the information as pertained to the heavy hauling and storage phases of the business as compared to the household moving phase thereof; the revenue percentages of the three phases of the business; the allocation of depreciation of all three phases; the taxes and

licenses and the payrolls of all three phases of the business; the number of moves or jobs performed by heavy hauling, local household moving and intercity, by months during the two periods in question. This witness stated that from his analysis of the operations the capital invested and the amount of labor employed remained practically constant during the two periods. The expenses also remained fairly constant. However, there was a noticeable and obvious drop in volume in the household moving phase of the business during the seven months plaintiff alleges she was unable to work. He stated that this drop in volume resulted in the drop in profits heretofore noted. This witness testified that there were no outside factors such as rate changes, sudden economic upheavals, general business changes or otherwise which would in his opinion have caused the great difference in the volume of plaintiff's business. From these facts and from his knowledge of plaintiff's business, this witness offered the opinion that the absence of plaintiff from her office was the predominant and controlling factor which caused the drop in revenue; that the influence of the ability of the person handling the telephone and either obtaining a profitable job or losing it altogether, dispatching the vans and coordinating the entire operation was the controlling factor in this highly competitive local household moving business.

Both sides to this cause rely on the case of Dingus v. Claude Cain, Inc. (1966) 56 Tenn.App. 294, 406 S.W.2d 169, to support their respective contentions as to the admissibility of this testimony. This is not unusual in that the *Cain case* accurately and concisely states the two rules applicable to this situation. In that case the Court stated:

"It is the traditional and general rule that evidence of the profits of a business in which the plaintiff in a personal injury damage action is interested, which depend for the most part upon the employment of capital, the labor of others, or similar variable factors, is inadmissible in such an action and cannot be considered for the purpose of establishing the pecuniary value of lost time or loss or diminution of earning capacity, for the reasons that loss of such profits is not the necessary consequence of the plaintiff's injury and that such profits are uncertain and speculative. 22 Am.Jur.2d, Damages, Sec. 175; 25 C.J.S. Damages Sec. 44; Damages to Persons and Property, Oleck, Sec. 183 at page 283; 12 A.L.R.2d 288.

\* \* \* \* \* \*

"On the other hand, in our opinion, there are some cases in which the allowance of proof of loss of profits may be admissible in evidence. In cases where the injured person is the sole operator or partner of the business, an injured person's services rather than the capital invested or labor of others is the predominate factor in producing the profits, evidence of diminution of profits could be received as a proper measure of his earning capacity. In cases of this character it must be shown that the business was personally conducted by the injured person with the profits depending entirely or substantially upon his individual labor and skill and are not derived from investment or labor of others."

■ The facts in the *Cain case* call for the application of one rule whereas the facts in the case at bar require the application of the other. Where, as here, the plaintiff's services rather than the capital invested or labor

of others is the predominate factor in producing profits, evidence of diminution of profits could be received as proof of the value of plaintiff's earning capacity.

■ It is to be clearly noted that the testimony of the accountant and his expert opinion that the absence of plaintiff from the business was the cause of the drop in revenue, and its resulting loss of profits, is not admissible as proof that the plaintiff suffered a loss of earning capacity. This evidence is admissible as some proof of the value of plaintiff's earning capacity. The fact of whether or not plaintiff actually suffered a loss of earning capacity must be, and in this case is, established by other competent evidence.

■ The evidence as offered cannot be rejected as based upon speculation and conjecture when considered in the light of the purpose for which it was offered. It is true that in this case there was uncertainty as to the extent of this particular element of damage, but there was none as to the fact of this element of damage; and there is a clear distinction between the measure of proof necessary to establish the fact that plaintiff had sustained some damage, and the measure of proof necessary to enable the jury to fix the amount. The rule which precludes the recovery of uncertain damages applies to such damages as are not the certain result of the wrong, not to those damages which are definitely attributable to the wrong and only uncertain in respect of their amount. Story Parchment Co. v. Paterson Parchment Paper Co. (1931) 282 U.S. 555, 51 S.Ct. 248, 75 L.Ed. 544.

■ We hold that in a personal injury action where it appears from the facts or nature of the business that there was considerable, but not predominate, use of invested capital or labor of others, or both, and that while

such factors contributed to produce profits they were only incidental as compared to the personal and predominant contribution of the plaintiff, evidence of the income of the business, embracing such profits, is admissible as an aid, inter alia, under proper limitations, in the calculation of the pecuniary value of diminution of plaintiff's earning capacity. The essential limitations mentioned are that the evidence so received shall not be received for the sole purpose of its acceptance, or in such manner as to permit its misuse as the measure of damages; that it shall conform to the requirement of proximate cause and that it shall be sufficiently certain and representative as to be reliable in the assessment of the pecuniary value of loss or diminution of earning capacity. 12 A.L.R.2d 317-328, and cases cited.

Where the evidence of profits realized conforms to these requirements to such a degree as to aid in establishing a standard for the calculation of damages, the proper procedure would be to instruct the jury as to its purpose and permissible use, and how it shall be considered and applied in the process of assessing damages, with cautionary instructions against reliance upon any uncertain elements and against its use in a technical and arbitrary fashion as the sole measure of damages, thus properly defining the limits of its function and presenting it in its true light as having some bearing, inter alia, upon the question of damages where the issue is the loss or diminution of earning capacity. 12 A.L.R.2d 294, and cases cited.

The value of a plaintiff's earning capacity can be proven by opinion evidence. Southern Coach Lines, Inc. v. Wilson, supra; Davis-Mize Co., Inc. v. Weller (1931) 13 Tenn.App. 246. Evidence may be introduced

as to plaintiff's past loss of earning capacity as well as her future loss thereof. Southern Coach Lines, Inc. v. Wilson, supra.

■ It results that the Trial Court erred in excluding the testimony as offered by plaintiff, and Assignment of Error I is sustained. On remand the evidence will be admissible under the applicable rules generally outlined herein.

■ Plaintiff seeks a remand on the issue of damages only. It is established in this State that where the error exists as to only one or more issues, and the judgment in other respects is free from error, the appellate court can limit the new trial to the issues affected by the error. Perkins v. Brown (1915) 132 Tenn. 294, 177 S.W. 1158, L.R.A.1915F, 723.

In some cases the appellate court has refused to limit the remand to the issue of damages only, as where the issue on appeal was the inadequacy of the verdict allegedly resulting from an erroneous charge to the jury by the trial court, Duncan v. Ferrell (1968) 58 Tenn.App. 133, 427 S.W.2d 36; and where the small amount of the verdict indicates that the jury had doubts as to defendant's negligence or the direct cause of the injury, W. T. Grant Co. v. Tanner (1936) 170 Tenn. 451, 95 S.W.2d 926, 927; and where there is a strong suspicion that the jury awarded inadequate damages as result of a compromise involving the question of liability, Mutual Benefit Health & Accid. Ass'n v. Thomas, 123 F.2d 353 (4th Cir.).

■ It is apparent from the authorities that the power to remand for a new trial on only one or more of the original issues must be exercised cautiously and only when it is plain that the error requiring the retrial of the

single issue had nothing to do with the finding of the jury on the other issues.

In the case at bar we hold that the issue of liability has been settled by the jury and that the error of the Trial Judge in excluding the evidence offered by the plaintiff as to the value of her earnings could not have affected the jury on the other issues in the cause. This error could have affected only the damages awarded by the jury, and on remand the issues should be limited to that of damages only.

It results that the judgment below is reversed, and this cause is remanded for a new trial on the issue of damages only. Cost in this Court is adjudged against the defendant in error, cost below to be as there adjudged.

Carney and Taylor, JJ., concur.