R. Thomas Stinnett, Stone & Hinds, Knoxville, for plaintiff-appellant.

Ralph H. Noe, Jr., and Mark C. Travis, Noe & Travis, Morristown, for defendants-appellees.

**WESTERN SIZZLIN, INC., Plaintiff–Appellant,**

v.

**H.A. HARRIS and Gerald Gibbons, Defendants–Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Feb. 13, 1987.

Permission to Appeal Denied by Supreme Court May 4, 1987.

## OPINION

SANDERS, Judge.

The Plaintiff has appealed from a chancery decree disallowing damages for breach of contract because they were speculative.

In November, 1982, the Defendants–Appellees, H.A. Harris and Gerald Gibbons, entered into a franchise agreement with the Plaintiff–Appellant, Western Sizzlin, Inc., for the operation of a Western Sizzlin steak house in Bowling Green, Kentucky. As pertinent to this litigation the franchise agreement provides: (1) Franchisee will furnish franchisor a written statement of gross receipts of sales during each period; (2) Franchisee will pay franchisor 2% of the gross sales at the franchised facility; (3) Franchisee shall not transfer the franchise without written consent of franchisor; (4) Franchisee will pay reasonable attorney's fees incurred by franchisor resulting from franchisees' violation of the terms of the agreement.

The Defendants began the operation of the steak house on October 17, 1983, and filed their first gross sales report and paid the 2% charge for the months of October

and November together. They also filed the reports and paid the fees for each month, except the month of April, 1984, thereafter through August, 1984. They filed no reports and paid no fees after August, although the place of business continued in operation until July 5, 1985, when it was closed.

The Plaintiff sued the Defendants for 2% of the gross sales of the facility for the months of September through December, 1984, and January through June, 1985. It alleged the amount due was not less than $10,000. It also sued for the sum of $1,044 for food seasoning and marinade sold to the Defendants on open account, plus reasonable attorney's fees.

As pertinent here, the Defendants, for answer, said they were not indebted to the Plaintiff in any amount, in that "franchise agreement was assumed by Robert Smith and Tommy Best on May 1, 1984. Further, notice was given by H.A. Harris to the office of the plaintiff on May 1, 1984 that H.A. Harris and Gerald Gibbons, also known as G.C. Gibbons, would no longer be associated with the Western Sizzlin Steak House at Bowling Green, Kentucky."

Upon the trial of the case the Plaintiff filed as an exhibit the franchise agreement. It also introduced copies of the monthly gross sales reports furnished to it for the months from October, 1983, through August, 1984, except for the month of April, together with the amount of the monthly payments. For the nine and one-half months that payments were made for gross sales they averaged in excess of $850 per month. It offered proof that no gross sales reports had been filed and no payment for gross sales had been paid for April, 1984, and the months of September, 1984, through June, 1985. It also proved the Defendants owed it $1,044 on open account and it had not consented to a transfer of the franchise.

At the conclusion of the Plaintiff's proof the Defendants moved for a dismissal of the complaint for lack of sufficient proof as to the amount owed under the franchise agreement.

The chancellor sustained the motion as to the amount sued for under the gross sales provision of the franchise, and attorney's fees. However, he entered a judgment against the Defendants for $1,044 on the open account.

The Plaintiff has appealed, presenting the following issue for review: "Did the plaintiff present adequate proof in this non-jury trial upon which the Chancellor could have made a reasonable estimation of damages?" We are persuaded to the conclusion that it did.

It is the insistence of the Appellant that it offered the best evidence it had as to the amount of its damages, which was evidence of the past experience and history of the gross sales at the same location of the facility. This insistence was urged upon the chancellor. In addressing this issue, the chancellor said, "I just think this is totally speculative."

The Appellees cite a number of cases in their brief in support of the proposition that no recovery can be had for loss of profits where it is uncertain whether or not any profits would have been made. We agree that is the rule in this jurisdiction and there are many cases which support this proposition. However, the franchise agreement requires payment of 2% of all gross sales. It has no relation to profits or lack of profits. It is simply a cost of doing business and it is owed even if the business is operating at a loss.

In the case at bar we do not think it can be reasonably argued that there had been no breach of the contract by the Defendants nor that the Plaintiff had suffered no damage as the result of such breach. This brings us to the question of what is the quantum of proof necessary as to damages to allow a recovery under these circumstances. In addressing this issue, this court, in *Wilson v. Farmers Chemical Association*, 60 Tenn.App. 102, 444 S.W.2d 185 (1969), speaking through Presiding Judge McAmis, said:

"While the aim of the law is certainty in the ascertainment of damages and an award of damages can never be based upon conjecture and speculation, where it is shown that damages have been sustained because of the defendant's fault mere uncertainty as to the amount will

not prevent recovery if the evidence is of such certainty as the nature of the case permits and such as to lay a foundation enabling the triers of the facts to make a fair and reasonable assessment of damages. Anno. 78 A.L.R. 858; 22 Am.Jur. 44, Damages, Section 25."

444 S.W.2d 189.

In the case of *Stevens v. Moore*, 24 Tenn. App. 61, 139 S.W.2d 710 (1940) this court quoted with approval from Am.Jur. as follows:

"There is a clear distinction between the measure of proof necessary to establish the fact that the plaintiff has sustained some damage and the measure of proof necessary to enable the jury to fix the amount. Formerly, the tendency was to restrict the recovery to such matters as were susceptible of having attached to them an exact pecuniary value, but it is now generally held that the uncertainty which prevents a recovery is uncertainty as to the fact of the damage and not as to its amount and that where it is certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery. This view has been sustained where, from the nature of the case, the extent of the injury and the amount of damage are not capable of exact and accurate proof. Under such circumstances all that can be required is that the evidence, with such certainty as the nature of the particular case may permit, lay a foundation which will enable the trier of facts to make a fair and reasonable estimate, and the plaintiff will not be denied a substantial recovery if he has produced the best evidence available and it is sufficient to afford a reasonable basis for estimating his loss." 15 Am.Juris., pages 414, 415, sec. 23.

24 Tenn.App. 75, 139 S.W.2d 710.

The quotation set out above has been brought forward in 22 Am.Jur.2d, Damages, Sec. 25, page 44, but has been further enlarged to provide:

"Events which occur after the wrong complained of may serve to render the damages sufficiently certain."

\* \* \* \* \* \*

"The damages must be susceptible of ascertainment in some manner other than by mere speculation, conjecture, or surmise and by reference to some fairly definite standard, such as market value, established experience, or direct inference from known circumstances."

*Id.* at 46.

In the more recent case of *Redbud Coop Corp., v. Clayton*, 700 S.W.2d 551 (Tenn. App.1985) this court said:

"... [T]his Court must bear in mind that uncertain, contingent, or speculative damages should not be awarded. *Maple Manor Hotel Inc. v. Metropolitan Government of Nashville and Davidson County*, 543 S.W.2d 593, 599 (Tenn.App. 1975). However, uncertain or speculative damages are prohibited only when the existence of damages is uncertain not when the amount of damage is uncertain. *Cummins v. Brodie*, 667 S.W.2d 759, 765 (Tenn.App.1983). All that an award for damages requires is proof of damages within a reasonable degree of certainty. *Wilson v. Farmers Chemical Association*, 60 Tenn.App. 102, 111, 444 S.W.2d 185, 189 (1969), and *Acuff v. Vinsant*, 59 Tenn.App. 727, 737, 443 S.W.2d 669, 674 (1969)."

700 S.W.2d 561.

█ Under the rule as stated above, we think the Plaintiff had proved sufficient past experience and performance by the Defendants to establish a basis for awarding damages.

The decree of the chancellor is modified insofar as it dismissed the complaint as to damages and attorney's fees. To the extent it is not modified, it is affirmed. The case is remanded for such other and further proceedings and the entry of such decree as the chancellor deems appropriate in keeping with this opinion. The cost of this appeal is taxed to the Appellees.

KIRBY MATHERNE, Special Judge, and FRANKS, J., concur.